**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROGACIANO HERRERA,** | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 3:08-CV-043-N (BH)** |
| **vs.** | ) | |
| | ) | **ECF** |
| **UNITED STATES OF AMERICA,** | ) | **Referred to U.S. Magistrate Judge** |
| | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in

implementation thereof, subject cause has previously been referred to the United States

Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are

as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Petitioner Rogaciano Herrera filed a "Petition for Writ of Habeas Corpus and Claim of

Ineffective Assistance of Counsel" on January 9, 2008.

**B. Parties**

Petitioner is currently incarcerated in the Reeves County Detention Center in Pecos,

Texas. Reeves County is located in the Western District of Texas, Pecos Division. The

Respondent is the United States of America (Respondent).[1]

---

[1]Respondent has not filed an answer; however, after reviewing Petitioner's petition, the Court is of the
opinion that he has failed to demonstrate he is eligible for federal habeas relief. *See* Rule 4 of the Rules Governing
Section 2255 Cases in the United States District Courts (stating that the district court may summarily dismiss "if it
plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the
Petitioner is not entitled to relief in the district court"); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (stating
that the district court has the power to screen out frivolous motions and eliminate the burden that would fall on the

## C. **Factual and Procedural History**

Petitioner was named in seven counts of an eight-count indictment on March 2, 2005, in this Court in Criminal Action No. 3:05-CR-024-N. He was charged with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (Count 1); mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 2-6); and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1) (Count 7).

On August 4, 2005, Petitioner appeared before a United States Magistrate Judge and entered a plea of guilty to Counts 3 and 7 of the indictment, pursuant to a written Plea Agreement and Factual Resume. The written Plea Agreement contained a waiver of his right to appeal or otherwise challenge sentence in any collateral proceeding, except for the right to challenge the voluntariness of his plea of guilty or his waiver, or to bring a claim of ineffective assistance of counsel.

On August 26, 2005, the Court accepted the Magistrate Judge's report and recommendation, accepted the plea of guilty, and adjudged Petitioner guilty as to Counts 3 and 7. Petitioner was subsequently sentenced on October 31, 2005, to a term of imprisonment of 33 months and a term of supervised release of two years as to Count 3, and to a prison term of 24 months and one year of supervised release as to Count 7, to run consecutively with Count 3. He was also ordered to pay restitution in the amount of $403,328.00. The judgment was signed on November 9, 2005. Petitioner did not appeal.

---

respondent to file an unnecessary answer).

**D.     Substantive Claims**

Petitioner presents the following questions for review:

(1)     whether his attorney rendered ineffective assistance;

(2)     whether his plea of guilty was voluntary or involuntary;

(3)     whether his attorney's representation rendered his plea invalid and void;

(4)     whether his waiver of the right to appeal or challenge his sentence in any collateral proceeding is unenforceable due to the involuntariness of his guilty plea;

(5)     whether the Court's factual findings of a two-level enhancement for organizer or leadership role pursuant to USSG § 3B1.1(c) violated his Sixth Amendment rights as announced in *Apprendi*, *Blakely*, and *Booker*[2];

(6)     whether the 14-level increase pursuant to USSG § 2B1.1(b)(1)(H) substantially overstated the severity of the offense;

(7)     whether the sentence of 33 months' imprisonment on Count 3 was a "reasonable" or "unreasonable" sentence under the directives of *Booker* and § 3553(a); and

(8)     whether Petitioner's substantial assistance to the government warranted a downward departure under USSG 5K1.1.

Although Petitioner does not assert a statutory basis for this Court's jurisdiction, his filing is

entitled "Petition for Writ of Habeas Corpus and Claim of Ineffective Assistance of Counsel,"

the caption of the petition notes the case number as being "Case No. 3:05-CR-024-N," and his

claims reflect that he is challenging his conviction and sentence in that case.  Accordingly, the

Court construes the petition as a motion to vacate, set aside, or correct his federal conviction and

sentence in Cause No. 3:05-CR-24-N pursuant to the provisions of 28 U.S.C. § 2255.

---

[2]*Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005)

## II.  STATUTE OF LIMITATIONS

Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which

a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that

section." *Dodd v. United States*, 545 U.S. 353, 354 (2005).  That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by
> > governmental action in violation of the Constitution or laws of the United States
> > is removed, if the movant was prevented from making a motion by such
> > governmental action;
>
> > (3) the date on which the right asserted was initially recognized by the
> > Supreme Court, if that right has been newly recognized by the Supreme Court and
> > made retroactively applicable to cases on collateral review; or
>
> > (4) the date on which the facts supporting the claim or claims presented
> > could have been discovered through the exercise of due diligence.

Although "[i]n most cases, the operative date from which the limitation period is measured will

be the one identified in ¶ 6(1) . . . later filings are permitted where subparagraphs (2)-(4) apply."

*Dodd*, 545 U.S. at 357.

Because movant's motion is partially predicated on the Supreme Court's holdings in

*Blakely* and *Booker*, the Court considers whether ¶ 6(3) applies to commence the limitations

period.  The Court, however, finds that the requirements of ¶ 6(3) have not been satisfied so as to

commence the limitations period from the date the Supreme Court decided *Blakely* or *Booker*.

The commencement date provided for in ¶ 6(3) "does not apply at all if the conditions in the

second clause – the right 'has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review' – have not been satisfied." *Id.* at 2482.  In

4

this instance, neither the Supreme Court nor the Fifth Circuit has made *Blakely* or *Booker* retroactively applicable to cases on collateral review. *See United States v. Garcia*, Nos. 3:03-CR-0268-L(01), 3:05-CV-0493-L, 2005 WL 1489926, at *2 (N.D. Tex. June 22, 2005). In the absence of a pronouncement by the Supreme Court or the Fifth Circuit that *Blakely* or *Booker* applies retroactively to cases on collateral review, ¶ 6(3) does not apply to delay the commencement of the limitations period in this case. It is therefore premature to rely on ¶ 6(3) to calculate the limitations period from the date the Supreme Court decided *Blakely* or *Booker*.[3]

With respect to the other subsections of ¶ 6, movant has alleged no government-created impediment under ¶ 6(2) that prevented him from filing his federal petition. Thus, for purposes of this action, the statute of limitations runs from the date movant's conviction became final pursuant to ¶ 6(1), or from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims pursuant to ¶ 6(4).

With regard to ¶ 6(1), movant's conviction became final in November 2005, when the ten days for filing an appeal from the judgment elapsed. *See* Fed. R. App. P. 4(b)(1)(A)(i) (setting ten-day deadline); Fed. R. App. P. 26(a) (setting computation procedure). With regard to ¶ 6(4), movant knew or should have known the factual bases for his claims no later than the date of his sentencing.

Because ¶¶ 6(2) and (3) are inapplicable and ¶ 6(4) provides an earlier commencement

---

[3] The Court recognizes that the Supreme Court held in *Dodd* that when ¶ 6(3) applies, the limitations period commences on *the date the Supreme Court recognized the new right*, not the date the right was made retroactively applicable. 125 S. Ct. at 2483 (emphasis added). Although this presents a potentially harsh result when the right is made retroactively applicable more than a year after the Supreme Court first recognizes the new right, the Supreme Court recognized such potential harshness and indicated that it is "not free to rewrite the statute that Congress has enacted." *Id.* It stated: "The disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions." *Id.*

date for movant's claims, the Court applies ¶ 6(1) and finds that the statute of limitations commenced in November 2005. Movant filed the instant action more than two years later on January 9, 2008. Thus, the instant motion to vacate is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "[S]uch tolling is available only when the [movant] meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his [motion to vacate] on time." *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant "bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted). Because movant has shown no rare and exceptional circumstances that warrant equitable tolling, the Court should deny the instant motion to vacate as untimely.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 as barred by the statute of limitations.

**SIGNED this 7th day of May, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE